**F I L E D**

**UNITED STATES COURT OF APPEALS**

**December 28, 2005**

**TENTH CIRCUIT**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff-Appellee, | No. 04-8122 |
| v. | (D.C. Nos. 03-CV-180-ABJ and 99-CR-135-ABJ) |
| DAVID BLOOMGREN, | (D. Wyo.) |
| Defendant-Appellant. | |

**ORDER**

Before **EBEL**, **McKAY, and HENRY**, Circuit Judges.

This is a pro se prisoner appeal. Mr. Bloomgren was convicted by a jury of conspiracy to possess with intent to distribute methamphetamine, possession with intent to distribute methamphetamine, distribution of methamphetamine, and being a felon in possession of a firearm. Mr. Bloomgren was sentenced to 360 months' and 120 months' imprisonment, to be served concurrently. These sentences were affirmed by this court on appeal in 2002. *United States v. Bloomgren*, 42 F. App'x 147 (10th Cir. 2002). Subsequently, Mr. Bloomgren filed a motion to vacate, set aside, or correct his federal sentence with the district court under 28 U.S.C. § 2255. In his § 2255 motion, Mr. Bloomgren asserted various claims for relief. A majority of the claims involved ineffective assistance

of counsel. The additional claims alleged sentencing error, advanced several procedurally barred claims, and challenged the constitutionality of 18 U.S.C. § 922(g)(1). After reviewing Mr. Bloomgren's claims, the district court denied his § 2255 motion. Mr. Bloomgren now applies to this court for a certificate of appealability. The issues he raises on appeal are identical to those brought before the district court.

For this court to grant a certificate of appealability, Mr. Bloomgren must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To do so, Mr. Bloomgren must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations omitted).

We have carefully reviewed Mr. Bloomgren's brief, the district court's disposition, and the record on appeal. Nothing in the facts, the record on appeal, or Mr. Bloomgren's filing raises an issue which meets our standard for the grant of a certificate of appealability. For substantially the same reasons set forth by the district court in its November 3, 2004 Order, we cannot say "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner." *Id.*

We **DENY** Mr. Bloomgren's request for a certificate of appealability and

**DISMISS** the appeal.*

Entered for the Court

Monroe G. McKay
Circuit Judge

---

* Having determined that Mr. Bloomgren is ineligible for a certificate of appeal, we need not address his Motion to Modify and/or Supplement the Record.