FILED
United States Court of Appeals
Tenth Circuit

October 25, 2007

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

EDUARDO ESPARZA-ESTRADA,

      Defendant-Appellant.

No. 07-2037
(D.C. No. CR 06-2189 JP)
(D.N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, **EBEL**, and **McCONNELL**, Circuit Judges.

Defendant-Appellant Eduardo Esparza-Estrada ("Esparza") pled guilty to

re-entering the United States illegally after a previous deportation. See 8 U.S.C.

§ 1326(a)(1)-(2), (b)(2). The district court sentenced Esparza to a 46-month term

of imprisonment. Esparza appeals, arguing that the sentence is unreasonable.

Specifically, Esparza contends that the presentencing report ("PSR") prepared by

---

[*]After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

the U.S. Probation Office overstated his criminal history and that the sentencing judge failed to correct this overstatement. He also claims the judge ignored his reason for returning to the United States, namely to earn money to send to his mother in Mexico. Esparza's counsel, however, filed a brief stating that she been unable to discern any non-frivolous grounds for appeal. See Anders v. California, 386 U.S. 738 (1967). Having independently reviewed the record, we disagree with Esparza's counsel. Nonetheless, we affirm the sentence because the sentencing judge's sole error was not a plain error and the sentence is substantively reasonable.[1]

## I.    Background

Esparza is a Mexican citizen. Prior to the instant proceedings, he had only two brushes with the law in the United States. First, he was arrested for shoving the mother of his children to the ground from his truck in November 2004.[2] Second, that same month, Esparza was involved in a "road rage" incident in Glenwood Springs, Colorado. Esparza claims that another man pursued his vehicle until Esparza pulled over. The other man then got out of his car with a

---

[1]As such, we also GRANT defense counsel's motion to withdraw.

[2]The Probation Office was unable to locate court records clarifying the outcome of this arrest. Esparza's PSR does note, however, that the woman was not injured.

knife and advanced towards Esparza.[3] Esparza, a carpenter by training, grabbed a hammer from his truck and hit the man in the head with the hammer, fracturing the man's skull.

As a result of this incident, on August 11, 2005, Esparza pled guilty to violating Colo. Rev. Stat. § 18-3-206, which states that "[a] person commits the crime of menacing if, by any threat or physical action, he or she knowingly places or attempts to place another person in fear of imminent serious bodily injury." Criminal menacing, a Class 5 felony, is punishable by up to three years in custody. By the time he pled guilty, Esparza had spent nearly nine months in jail. The judge sentenced him to ninety days, crediting his time served, and two years of probation. Because he had already served his time, Esparza was deported from the United States to Mexico in early September 2005.

Nearly a year to the day after his Colorado conviction, U.S. Border Patrol agents apprehended Esparza in the desert near Columbus, New Mexico. Immigration records revealed that Esparza had previously been deported after his Colorado conviction and had not received permission to re-enter the United States. Without the benefit of a plea agreement, Esparza pled guilty to re-

---

[3]The victim offered a markedly different account of the incident, claiming that Esparza attacked him without warning outside a restaurant. Esparza's sentencing memorandum notes that the police followed up on both accounts; they discovered blood at the scene Esparza led them to and nothing at the restaurant. Furthermore, the bouncers at the restaurant stated that if there had been an altercation, they would have known about it.

entering illegally after a previous deportation.  See 8 U.S.C. § 1326(a)(1)-(2), (b)(2).

Esparza's PSR stemming from this conviction factored in his previous conviction for a violent felony, the Colorado menacing conviction.  See U.S.S.G. § 2L1.2(a) (base offense level); U.S.S.G. § 2L1.2(b)(1)(A)(ii) (enhancement). The PSR credited Esparza for accepting responsibility for his crime of re-entry. See U.S.S.G. § 3.E1.1.  In calculating his criminal history category, the Probation Office noted that Esparza was still under a criminal justice sentence – probation for the menacing conviction – and that he had re-entered less than two years after his release from custody.  When combined with his earlier conviction, these factors set Esparza's criminal history category at III.  As such, the advisory guideline sentencing range was 46 to 57 months in prison.  The Probation Office further noted that nothing in Esparza's file "would take him away from the heartland of cases of similarly situated defendants."

At his sentencing hearing, Esparza assented to the PSR's statement of facts. The judge acknowledged that he had considered Esparza's sentencing memorandum and attachment relating to the menacing incident, which maintained that Esparza hit the man with a hammer in self-defense.  After expressly noting that he had considered Esparza's claims, the sentencing judge concluded that the Probation Office "correctly determined that the Criminal History Category of III does not significantly overrepresent [sic] [Esparza's] criminal history . . . ."

Accordingly, the judge continued:

The defendant has also made a request for a sentence under 18 United States Code Section 3553(a) independent of the guidelines, but I don't see this as a case that is exceptional in any particular way that should take it out of guideline sentencing, although that is discretionary, and I acknowledge that. I really feel that it's appropriate to impose a guideline sentence in this case.

The judge then sought a response from Esparza's counsel. Counsel argued that the hammer incident misrepresented Esparza's character and that his ninety-day sentence for that incident manifested the Colorado court's acceptance of Esparza's self-defense argument. The judge noted his concern about the "evidence of violence" on the record. Specifically, the court referred to Esparza's other brush with the law – his arrest for shoving a woman out of his truck.

Having examined these issues on the record, the sentencing judge indicated that he intended to impose a sentence at the bottom of the guideline range. He justified this decision by noting, "I don't think this case is so unusual that it should be sentenced under 18 United States Code section 3553(a) outside of the guidelines which are presumptively correct." (emphasis added) Esparza's counsel objected only to the sentencing judge's acceptance of Esparza's criminal history category; she did not lodge an objection to the court's loose language stating that the "guidelines . . . are presumptively correct."

II.    Discussion

Esparza's counsel filed an Anders brief, thereby triggering our obligation to conduct independently "a full examination of all the proceeding[s] to decide whether the case is wholly frivolous." United States v. Snitz, 342 F.3d 1154, 1158 (10th Cir. 2003) (quotations omitted). Because of the sentencing court's cryptic suggestion that the guidelines are "presumptively correct," we conclude that Esparza's appeal is not entirely frivolous. However, for the reasons stated below, Esparza cannot prevail on his non-frivolous grounds of appeal.

## A. Standard of Review

We review a sentence imposed by the district court for its "reasonableness." United States v. Booker, 543 U.S. 220, 261-62 (2005); United States v. Kristl, 437 F.3d 1050, 1053 (10th Cir. 2006). As such, we set aside a sentence only "if it is procedurally or substantively unreasonable." United States v. Geiner, 498 F.3d 1104, 1107 (10th Cir. 2007); United States v. Cage, 451 F.3d 585, 591 (10th Cir. 2006). We presume the sentence is reasonable if it falls within the sentencing guidelines range. Kristl, 437 F.3d at 1054.

The Supreme Court has ratified the appellate presumption of "reasonableness" because the sentence rests on the reasoned judgment of both the Commission – as incorporated into the sentencing guidelines – and the sentencing judge. See Rita v. United States, 127 S. Ct. 2456, 2463 (2007). However, as the Rita Court clarified, a district court errs when it applies a presumption of reasonableness to a sentence in the advisory guidelines range. United States v.

Conlan, No. 06-1510, 2007 WL 2538047 *2 (10th Cir. Sept. 6, 2007); United States v. Begay, 470 F.3d 964, 977 (10th Cir. 2006), cert. granted by No. 06-11543, 2007 WL 1579420 (Sept. 25, 2007).

*1. Procedural Reasonableness*

A sentence is procedurally reasonable if it "reflects the sentencing court's calculation of the applicable Guidelines range and its application of the § 3553(a) factors." Geiner, 498 F.3d at 1107; United States v. Lopez-Flores, 444 F.3d 1218, 1220 (10th Cir. 2006) (noting that procedural reasonableness component centers on the method by which the court calculated the sentence).

At Esparza's sentencing hearing, the court stated that the guidelines are "presumptively correct." This suggests that the court may have impermissibly invoked the appellate presumption of reasonableness. See Begay, 470 F.3d at 977. Clearly, this calls into question the sentencing court's method of calculating Esparza's sentence.

Although Esparza's counsel argued for a sentence below the guidelines range, she failed to object to the sentencing judge's cryptic statement. "[W]here a defendant raises no contemporaneous objection to the court's" method for calculating the sentence, "we may reverse the district court's judgment only in the presence of plain error." United States v. Cereceres-Zavala, No. 05-2191, 2007 WL 2421755 *4 (10th Cir. Aug. 28, 2007); United States v. Romero, 491 F.3d 1173, 1177 (10th Cir. 2007). A plain error is present "only when there is (1)

- 7 -

error, (2) that is plain, (3) which affects substantial rights, and (4) which seriously affects the fairness, integrity, or public reputation of judicial proceedings." Romero, 491 F.3d at 1178.

Critically, an error does not affect substantial rights unless it is prejudicial; that is, unless the error altered the sentencing outcome. Id. (citing United States v. Trujillo-Terrazas, 405 F.3d 814, 819 (10th Cir. 2005)). The party that failed to preserve an objection bears the burden of establishing prejudice by showing a "reasonable probability" that "but for" the error the result would have been different. Trujillo-Terrazas, 405 F.3d at 819; see also United States v. Olano, 507 U.S. 725, 734 (1993). Even where a party survives this prong, the test's final hurdle ensures that the plain error exception is "used sparingly, solely in those circumstances in which a miscarriage of justice would otherwise result." United States v. Toro-Pelaez, 107 F.3d 819, 827 (10th Cir. 1997).

Here, the sentencing judge's comment may well have been a slip. But to the extent that this belief moored him to the guidelines range, it would indeed constitute error that is "clear or obvious" under Begay. See Trujillo-Terrazas, 405 F.3d at 818. The remainder of the hearing transcript, however, suggests that the error (if indeed one was made) was not prejudicial. Prior to the comment, the sentencing judge had stated on the record: "I don't see this as a case that is exceptional in any particular way that should take it out of guideline sentencing, although that is discretionary, and I acknowledge that." The judge continued on

to note that "I really feel that it's appropriate to impose a guideline sentence in this case."

Moreover, he referenced the § 3553(a) factors and undertook a thorough investigation of Esparza's PSR and sentencing memorandum. Although the judge decided to impose a sentence at the bottom of the guidelines range, little on the record betrays any indication that he felt compelled to do so. See Rita, 127 S. Ct. at 2469 ("The judge then simply found these circumstances insufficient to warrant a sentence lower than the Guidelines range . . .").

Of course, it is Esparza's burden to show that the error was prejudicial. Trujillo-Terrazas, 405 F.3d at 819. Because his counsel filed an Anders brief, Esparza has not had the opportunity to make this showing. However, it would be futile to force Esparza to make this showing because he could not, in any case, surmount the fourth prong of the "plain error" test.

To say that the district court's comment amounted to a "miscarriage of justice," see Toro-Pelaez, 107 F.3d at 827, would truly make a mountain out of a molehill. All indications in the record suggest the sentencing judge simply misspoke. As discussed above, it is doubtful that the comment betrays a latent misunderstanding of the post-Booker sentencing scheme. In fact, the judge dispelled any doubts about his understanding, explicitly acknowledging his discretionary power to depart from the guidelines. The judge simply did not discern any reason in Esparza's sentencing memorandum and attachment, the

PSR, or arguments at the hearing itself to depart from the guidelines. Moreover, he "set forth enough [on the record] to satisfy" this court "that he has considered the parties' arguments and has a reasoned basis for his own legal decision-making authority." Rita, 127 S. Ct. at 2468. A sliver of evidence of error is not sufficient to call into question the "fairness, integrity or reputation" of the sentencing proceedings in this case. See Romero, 491 F.3d at 1178.

## 2. Substantive Reasonableness

"A substantively reasonable sentence ultimately reflects the gravity of the crime and the § 3553(a) factors as applied to the case." United States v. Atencio, 476 F.3d 1099, 1102 (10th Cir. 2007). Thus, we must simply inquire whether the "sentence is reasonable in light of the factors set forth in 18 U.S.C. § 3553(a)." United States v. Sanchez-Juarez, 446 F.3d 1109, 1114 (10th Cir. 2006). Fulfilling our obligation under Anders, we conclude that Esparza may also make a colorably non-frivolous argument that his sentence is substantively unreasonable. However, even if the argument is non-frivolous, it fails under our precedent.

Esparza's Colorado conviction for menacing carried with it a sentence of only ninety days. Esparza argued before the district court that this sentence suggests that the Colorado court found his self-defense argument persuasive. However, ex post justifications for a plea agreement cannot control a sentencing judge's calculation of a defendant's criminal history. The Colorado court may

- 10 -

just as well have opted for a short sentence because Esparza was to be deported after the sentence anyway. Esparza pled guilty to the offense, thereby passing up his opportunity to vindicate his self-defense theory. Taken together with Esparza's other arrest, the menacing conviction convinced the sentencing judge that Esparza's conduct was not that of a "peaceful person." As such, the sentencing judge's conclusion reasonably takes into account 18 U.S.C. § 3553(a)(1) ("the nature and circumstances of the offense and the history and characteristics of the defendant") and 18 U.S.C. § 3553(a)(2)(C) ("the need . . . to protect the public from further crimes of the defendant").

Moreover, Esparza's rationale for re-entering – his desire to send money to his mother in Mexico – does not remove him from the heartland of other similarly situated defendants. In fact, it confirms that he is squarely within this zone. As such, the sentencing court abided by its mandate to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes of section 3553(a)(2)." Conlan, 2007 WL 2538047 at *2.

## III.    Conclusion

For the foregoing reasons, we AFFIRM Esparza's sentence and GRANT his counsel's motion to withdraw.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge

- 11 -