**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 17, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

  Plaintiff - Appellee,

v.

MICHAEL McCALISTER,

  Defendant - Appellant.

Nos. 08-5081
08-5097

(N.D. Oklahoma)

(D.C. No. CR-06-114-1-R and CR-07-23-1-R)

**ORDER AND JUDGMENT**[*]

Before **PORFILIO**, **ANDERSON**, and **BRORBY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

On May 27, 1999, a second superceding indictment charged defendant and

appellant, Michael L. McCalister, and others with conspiracy to possess with

intent to distribute and to distribute various controlled substances, in violation of

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

21 U.S.C. §§ 841(a)(1), (b)(1)(B), 846, and 851(a)(1). A jury found McCalister guilty, and he was sentenced to 290 months' imprisonment.

In February 2008, McCalister, proceeding *pro se*, filed an original and an amended motion for reduction of his sentence, pursuant to 18 U.S.C. § 3582(c). The district court denied both motions. McCalister thereafter filed a motion for reconsideration of the denial of his § 3582 motion, which the district court also denied. In appeal number 08-5081, McCalister appeals the district court's first denial. In appeal number 08-5097, McCalister appeals the district court's refusal to reconsider its earlier denial. In response to a letter from McCalister which our court construed as a motion to consolidate, we have consolidated the two appeals. We affirm.

The original conspiracy of which McCalister was found guilty involved possession with intent to distribute and the distribution of cocaine, cocaine base, methamphetamine, marijuana and heroin, as well as the use of communications facilities in connection with the drug offenses. Prior to trial, the government informed McCalister that it intended to seek enhancement of his sentence based on his three prior felony convictions, including prior felony convictions for armed robbery, robbery with a firearm, shooting with intent to kill and possession of drugs in a penal institution.

Following the jury's finding of guilt, and in preparation for sentencing under the United States Sentencing Commission, Guidelines Manual ("USSG"),

the United States Probation Office prepared a presentence report ("PSR"). The

PSR described McCalister's involvement in the conspiracy as follows:

> McCalister's involvement in the conspiracy consisted of delivering
> controlled substances and collecting drug proceeds for [co-
> conspirators]. Over the life of the conspiracy McCalister possessed,
> delivered and distributed in excess of 454.5 grams of cocaine, 28.35
> grams of heroin, 498.5 grams of methamphetamine and 2.7 kilograms
> of marijuana. This is a conservative approximation based upon
> arrest[s], controlled buys, confidential sources and investigating
> agents . . .

PSR at ¶ 35, R. Vol. 2. Using the 1998 version of the Guidelines, the PSR

calculated that the total quantity of drugs attributable to McCalister was the

equivalent of 1,119 kilograms, which, pursuant to USSG §2D1.1, provided for a

base offense level of 32.

However, because McCalister was over eighteen years old at the time of the

offense, the offense of conviction was a controlled substance offense, and because

he had two prior felony convictions for crimes of violence and/or controlled

substance violations, he was classified as a career offender under USSG §4B1.1.

Pursuant to USSG §4B1.1, McCalister's base offense level was increased to 37,

because the statutory maximum sentence for his offense of conviction (violation

of 21 U.S.C. §§ 841(a)(1), (b)(1)(B) and 851(a)(1)) was life in prison. After a

three level decrease for acceptance of responsibility, McCalister's total adjusted

offense level was 34. With a criminal history category of VI, the Guideline

sentencing range was 262 to 327 months.

At sentencing, the district court accepted the PSR's calculation of McCalister's sentence and sentenced him to 290 months. McCalister made no objection to the PSR. Our court affirmed McCalister's conviction and sentence on direct appeal. United States v. Busby, 16 Fed. Appx. 817 (10th Cir. 2001) (unpublished). We also affirmed the denial of his petition for habeas relief. United States v. McCalister, 165 Fed. Appx. 599 (10th Cir. 2006) (unpublished).

On February 13, 2008, McCalister filed his *pro se* motion for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2). On May 5, 2008, he filed an amended motion to reduce his sentence under § 3582. He sought a sentence reduction on the ground that the district court erred in failing to apply Amendment 591 of the Guidelines in calculating McCalister's sentence. As the district court observed, Amendment 591, which is retroactive, revised two sections of the Guidelines: USSG §1B1.2 "to clarify that the sentencing court must apply the offense guideline referenced in the Statutory Index for the statute of conviction, without regard to relevant conduct"; and USSG §2D1.2, which addressed a circuit conflict and clarified that the enhanced penalties of §2D1.2 apply only in a case in which the defendant was convicted of an offense specifically referenced in that guideline. Order at 2-3. The district court further explained that there are two reasons why Amendment 591 has no relevance to this case and its application would not have resulted in a shorter sentence for McCalister: (1) in imposing the sentence, the district court used the Statutory

Index in determining the applicable offense guideline, as Amendment 591 requires; and (2) McCalister's guideline range had been determined based upon USSG §2D1.1, not §2D1.2 (which Amendment 591 modified).

Under 18 U.S.C. § 3582(c)(2), a court may modify a sentence if "a sentencing range . . . has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." We review for an abuse of discretion a district court's decision to deny a reduction in sentence under § 3582(c)(2). United States v. Dorrough, 84 F.3d 1309, 1311 (10th Cir. 1996). We review de novo a district court's interpretation of the Guidelines and other legal issues. United States v. Smartt, 129 F.3d 539, 540 (10th Cir. 1997).

The two orders by the district court, denying McCalister's motions for reduction of sentence, clearly and explicitly explain why Amendment 591 provides no relief for McCalister, and does not entitle him to a reduction in sentence. Moreover, as the government points out, McCalister's career offender status led to the particular offense level he received, which, in turn, determined his sentencing range. Amendment 591 has no bearing on the career offender provisions.

We have carefully reviewed the parties' briefs, the record, the various sentencing decisions, and the district court's orders on the present issue. For substantially the same reasons as laid out by the district court in its two orders,

we AFFIRM the denial of the motion for reduction of sentence.  McCalister's motion to proceed *in forma pauperis* on appeal, however, is GRANTED.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge