**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 16, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

MICHAEL McCALISTER, also
known as Big Mike,

Defendant-Appellant.

No. 09-5157

(N.D. Oklahoma)

(D.C. No. 4:99-CR-00020-TCK-1)

---

**ORDER AND JUDGMENT**[*]

---

Before **MURPHY**, **GORSUCH**, and **HOLMES**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

Michael L. McCalister appeals the district court's grant of his "Motion to

Clarify Judgment and Sentence." Because McCalister did not file a timely notice

---

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

of appeal, we **dismiss** his appeal. Fed. R. App. P. 4(b)(1)(A) (providing that a notice of appeal in a criminal case must be filed within fourteen days of the entry of the order being appealed); *United States v. Garduno*, 506 F.3d 1287, 1290-91 (10th Cir. 2007) (holding that although Rule 4(b)(1)(A) is not jurisdictional, it is an "inflexible claim processing rule" "assur[ing] relief to a party properly raising" timeliness (quotation omitted)).

McCalister has a lengthy history of filings in this court. After a jury found him guilty of conspiracy to possess with intent to distribute controlled substances, the district court sentenced McCalister to 290 months' imprisonment. This court affirmed. *United States v. Busby*, 16 F. App'x 817, 825-27 (10th Cir. 2001). This court likewise affirmed the denial of McCalister's 28 U.S.C. § 2255 motion. *United States v. McCalister*, 165 F. App'x 599, 611 (10th Cir. 2006). In February 2008, McCalister filed an 18 U.S.C. § 3582(c) motion for reduction of sentence. Concluding he was not legally entitled to a sentence reduction, the district court denied McCalister's § 3582(c) motion. This court affirmed. *United States v. McCalister*, 314 F. App'x 110, 112 (10th Cir. 2008).

In August 2009, McCalister filed the motion that is the subject of the instant appeal: "Motion for Clarification of Judgment and Sentence in Case No. 99-CR-20-K, United States of America v. Michael McCalister." Apparently frustrated with his inability to obtain relief under § 2255 or § 3582(c), McCalister asked the district court to clarify the criminal judgment it entered on May 19,

2000. In particular, McCalister asked the district court to explain whether it had arrived at his sentence by reference to 18 U.S.C. § 851.[1] The district court granted McCalister's motion to clarify and issued a six-page order explaining the method it had utilized to arrive at McCalister's sentence. The district court's order was entered on the docket on September 22, 2009. McCalister did not file his notice of appeal until November 2, 2009.

On appeal, the United States asks this court to dismiss McCalister's appeal because it was not filed within the time limits set out in Fed. R. App. P. 4(b)(1)(A). In response, McCalister notes the time limits set out in Rule 4(b)(1)(A) are not jurisdictional and asks this court to resolve the appeal on the merits to avoid a miscarriage of justice. McCalister is certainly correct in asserting that Rule 4(b)(1)(A)'s time limits are not jurisdictional. *Garduno*, 506 F.3d at 1291. Nevertheless, this court has made clear that despite its nonjurisdictional nature, Rule 4(b)(1)(A) is an "inflexible claim-processing rule" which assures relief to a party properly raising its time limits. Because the

---

[1]Having reviewed McCalister's Motion to Clarify, this court rejects the government's contention that it is actually a second or successive § 2255 motion. The Motion to Clarify does not ask for relief of any kind. Instead, it simply asks the district court to provide an explanation for the sentence imposed. It is certainly true that in his appellate filings, McCalister relies on the district court's clarification order to argue his original sentence was improperly calculated. Those after-the-fact arguments do not, however, alter the nature of the Motion to Clarify.

United States properly raised McCalister's failure to file a timely notice of appeal, it is entitled to have this appeal dismissed.

Accordingly, for those reasons set out above, this appeal is hereby **DISMISSED**. All pending motions are **DENIED** as moot.

ENTERED FOR THE COURT

Michael R. Murphy
Circuit Judge