**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 26, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff-Appellee, | No. 12-8018 |
| v. | (D. of Wyo.) |
| DAVID BLOOMGREN, | (D.C. No. 2:99-CR-00135-ABJ-1) |
| Defendant-Appellant. | |

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.[**]

David Bloomgren, a federal prisoner proceeding pro se, appeals the district court's denial of his motion to modify his sentence pursuant to 18 U.S.C. § 3582(c). Exercising jurisdiction under 28 U.S.C. § 1291, we AFFIRM.

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

# I. Background

Bloomgren was convicted of federal narcotics and firearms charges and was sentenced to 360 months' imprisonment. The sentencing court enhanced his offense level under United States Sentencing Guideline (USSG) § 4B1.1(a) after finding Bloomgren was a career offender, based on several prior violent and drug-related felony convictions.

Bloomgren unsuccessfully appealed his conviction and sentence. *See United States v. Bloomgren*, 42 F. App'x 147 (10th Cir. 2002). He then filed a motion to vacate his sentence under 28 U.S.C. § 2255, but was again unsuccessful. *See United States v. Bloomgren*, 160 F. App'x 764 (10th Cir. 2005).

On May 10, 2011, six years after his § 2255 petition was denied, Bloomgren filed a motion to amend his sentence pursuant to 18 U.S.C. § 3582(c), arguing his sentence was improperly calculated under Sentencing Guideline Amendment 591. The district court denied his motion one week later. Bloomgren then waited almost an entire year before filing his notice of appeal on March 5, 2012. As justification for this late filing, Bloomgren claimed he was not notified of the district court's decision until he contacted the court on February 27, 2012.[1]

---

[1] We note that this potentially renders Bloomgren's appeal untimely. In
(continued...)

## II. Discussion

We review the denial of a reduction in sentence under § 3582(c) for an abuse of discretion. *United States v. Dorrough*, 84 F.3d 1309, 1311 (10th Cir. 1996). But we review the district court's interpretation of the USSG and other legal issues de novo. *United States v. Smartt*, 129 F.3d 539, 540 (10th Cir. 1997). We construe Bloomgren's filings liberally as he is proceeding pro se. *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007).

Federal courts may not modify a term of imprisonment once it has been imposed except in very limited circumstances. *Dillon v. United States*, 130 S. Ct. 2683, 2687 (2010). There are three main exceptions: (1) when the Bureau of

---

[1](...continued)
criminal cases, the notice of appeal must be filed within 14 days after the entry of judgment. Fed. R. App. P. 4(b)(1). This rule also applies to appeals from denials of § 3582(c) motions. *See United States v. Espinosa-Talamantes*, 319 F.3d 1245, 1246 (10th Cir. 2003). A district court may grant an extension of time to file the notice of appeal, but may not grant more than 30 additional days. Fed. R. App. P. 4(b)(4); *Espinosa-Talamantes*, 319 F.3d at 1246–47. Even if the district court had granted Bloomgren 30 additional days to file his notice of appeal, he would have had only until June 30, 2011 to file it.

But this is not a jurisdictional requirement, but rather a claim-processing rule that, "unlike a jurisdictional rule, may be forfeited if not properly raised by the government." *United States v. Garduño*, 506 F.3d 1287, 1290–91 (10th Cir. 2007). The government, in its answer brief, notes Bloomgren's untimely filing, but states that it will not raise this issue as it prefers to address his arguments on the merits. And though we may raise the issue of Bloomgren's untimely filing *sua sponte*, we should refrain from doing so "when judicial resources and administration are not implicated and the delay has not been inordinate." *United States v. Mitchell*, 518 F.3d 740, 750 (10th Cir. 2008). We find neither of these factors is implicated, and thus will address the merits of Bloomgren's appeal.

Prisons moves for a reduction based on a finding that special circumstances warrant it, (2) when expressly permitted by statute or Federal Rule of Criminal Procedure 35, or (3) when a defendant was sentenced based on a sentencing range that is subsequently lowered. 18 U.S.C. § 3582(c). Even in such cases, courts may not lower the defendant's sentence except to the extent doing so is consistent with the factors listed in 18 U.S.C. § 3553(a) and the Sentence Commission's policy statement, found at USSG § 1B1.10. 18 U.S.C. § 3582(c)(2). If none of the exceptions in § 3582(c) applies, the district court lacks jurisdiction to consider a defendant's request for a sentence reduction. *Smartt*, 129 F.3d at 541.

Bloomgren bases his argument on Amendment 591 to the USSG, effective November 1, 2000. *See* U.S. Sentencing Guidelines Manual, App. C, Amend. 591. This amendment revised two sections: USSG § 1B1.2, to clarify that a sentencing court must apply the offense guideline referenced in the Statutory Index for the statute of conviction, without regard to uncharged relevant conduct; and USSG § 2D1.2, which clarified that the enhanced penalties of that section—for delivering drugs in certain locations, such as near a school, or to certain vulnerable individuals—apply only when a defendant is convicted of an offense specifically referenced in that section.

As the district court explained, this amendment does not apply to Bloomgren for two reasons. First, Bloomgren's sentence was not enhanced under USSG § 2D1.2. Bloomgren argues the offenses he was convicted of are not listed

in this section, which is true, but this is irrelevant. His sentence was enhanced under USSG § 2D1.1(b)(1), not § 2D1.2, and Amendment 591 did not affect this provision.

Second, the sentencing court properly applied a career criminal enhancement to Bloomgren under § 4B1.1(a). Bloomgren argues Amendment 591 is applicable because § 1B1.2 directs the court to determine the offense guideline section based on the offense of conviction and does not mention the career criminal enhancements in § 4B1.1. But according to § 1B1.1(a), determining the offense guideline section under § 1B1.2 is only the first step in calculating a defendant's guideline range. *See* USSG § 1B1.1(a)(1). The sixth step, § 1B1.1(a)(6), directs the sentencing court to apply the career offender provisions, including § 4B1.1.

Amendment 591 had no affect on the career offender guidelines in § 4B1.1. *See United States v. McAllister*, 314 F. App'x 110, 112 (10th Cir. 2008). Thus it did not lower Bloomgren's sentencing range. 18 U.S.C. § 3582(c)(2). Because none of the other § 3582(c) exceptions apply, we have no authority to consider Bloomgren's request for a sentence reduction. *Smartt*, 129 F.3d at 541.

## III. Conclusion

For the foregoing reasons, we AFFIRM the district court's denial of Bloomgren's motion to modify his sentence. Bloomgren's motion to proceed in

forma pauperis on appeal is also DENIED.

Entered for the Court,

Timothy M. Tymkovich
Circuit Judge