**UNITED STATES COURT OF APPEALS**
**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

IKE ALEXANDER,

    Defendant - Appellant.

No. 16-7092
(D.C. No. 6:16-CR-00051-RAW-1)
(E.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **KELLY**, **MURPHY**, and **MATHESON**, Circuit Judges.
_____

Ike Alexander's appointed counsel has submitted an *Anders* brief stating an appeal in this case would present no non-frivolous issues. After a careful review of the record, we agree. Exercising jurisdiction under 28 U.S.C. § 1291, we grant counsel's motion to withdraw and dismiss the appeal.

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I. BACKGROUND

### A. *Conviction and Sentence*

On July 13, 2016, Mr. Alexander pled guilty to a single count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The Presentence Investigative Report ("PSR") determined that he qualified for an enhanced sentence under the Armed Career Criminal Act ("ACCA") because he had at least three prior convictions for "violent felonies" under the ACCA. Under the ACCA, a person who has been convicted of being a felon in possession and who has three previous, separate convictions for violent felonies or serious drug offenses, or both, shall be imprisoned not less than 15 years. 18 U.S.C. § 924(e)(1).

The PSR identified the following Oklahoma state convictions as Mr. Alexander's ACCA predicate offenses: (1) Assault with a Deadly Weapon and Shooting with Intent to Kill; (2) Robbery with a Firearm; (3) Robbery With a Firearm, Assault with a Dangerous Weapon, Shooting with Intent to Kill, and Kidnapping; (4) Assault and Battery on a Correctional Officer; and (5) Attempted Robbery with a Firearm. Mr. Alexander pled guilty to the first four offenses on October 18, 2000, and the fifth offense on February 5, 2009. The PSR recommended a total offense level of 31 and a criminal history category of VI, yielding an advisory range under the United States Sentencing Guidelines ("Guidelines") of 188 to 235 months. Because of Mr. Alexander's previous violent felonies, the ACCA mandated a minimum prison sentence of 15 years (180 months). Mr. Alexander did not object to the PSR.

At the sentencing hearing, the district court found the PSR had correctly determined that Mr. Alexander qualified for an enhanced sentence under the ACCA. The court sentenced Mr. Alexander to 188 months, above the required ACCA minimum but at the low end of the applicable Guidelines range.

## B. **Anders** *Brief*

Mr. Alexander appeals the district court's sentence. His appointed counsel filed a brief pursuant to *Anders v. California*, which provides that:

> [I]f counsel finds [the defendant's] case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. . . . [T]he court—not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw and dismiss the appeal . . . .

386 U.S. 738, 744 (1967).

His counsel's *Anders* brief identified one potential issue on appeal: whether the district court erred in finding that the fourth predicate conviction—assault and battery on a correctional officer—qualified as a violent felony under the ACCA. *Anders* Br. at 8-9. But even this issue, counsel argues, is not meritorious. He seeks our permission to withdraw.

Mr. Alexander submitted a pro se,[1] handwritten response to the *Anders* brief

challenging whether certain of his offenses qualify as ACCA predicates and

attempting to raise an ineffective assistance of counsel claim. The Government also

filed a response.

## II. **DISCUSSION**

### A. *Standard of Review*

We review de novo a district court's decision that a prior conviction counts as

a predicate offense for the purpose of imposing an ACCA sentence enhancement.

*United States v. Johnson*, 630 F.3d 970, 975 (10th Cir. 2010). When a defendant

does not object to the sentence enhancement below, we review for plain error.

*United States v. Spring*, 80 F.3d 1450, 1461 (10th Cir. 1996).

### B. *Counsel's* **Anders** *Brief*

The only issue raised in counsel's *Anders* brief is whether Mr. Alexander's

conviction for assault and battery on a correctional officer under Oklahoma law

qualifies as a violent felony under the ACCA.[2] *Anders* Br. at 8-9 (suggesting the

---

[1] Because Mr. Alexander proceeds pro se, we construe his arguments liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).

[2] The ACCA defines the phrase "violent felony" to mean:

> any crime punishable by imprisonment for a term exceeding one year, . . . that—
>
> > (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

Continued . . .

conviction is not a violent felony because it '"may be accomplished by a slight touch'") (quoting *United States v. Mitchell*, 653 F. App'x 639, 644 (10th Cir. 2016) (unpublished)).

Counsel did not object to the district court's determination that his client's prior offenses are violent felonies. Whether Mr. Alexander was properly subject to the ACCA, therefore, would be subject to plain error review on appeal. *Spring*, 80 F.3d at 1461.

Even if the district court plainly erred in counting this offense as a violent felony, however, the error would be harmless because Mr. Alexander would have four remaining predicate convictions and would therefore still qualify for an ACCA-enhanced sentence with one offense to spare. *See United States v. Couchman*, 329 F. App'x, 836, 837-38 (10th Cir. 2009) (granting counsel's motion to withdraw where exclusion of two of the defendant's ACCA predicate offenses still left three valid predicates). Any challenge to the district court's application of the ACCA would thus be futile. *See United States v. Esparza-Estrada*, 252 F. App'x 880, 884-85 (10th Cir. 2007) (granting counsel's motion to withdraw when defendant's appeal would have been futile).

---

> (ii) is burglary, arson, or extortion, [or] involves use
> of explosives . . . .

18 U.S.C. § 924(e)(2)(B).

## C. *Mr. Alexander's Arguments*

Mr. Alexander raises four arguments disputing the application of the ACCA. None can meet the plain error standard.

First, Mr. Alexander questions how he could have more than two predicate convictions when he was only sentenced twice—once in October 2000 and again in February 2009. He acknowledges he was convicted of multiple charges in October 2000, but he argues these convictions should count as only one qualifying predicate for ACCA purposes. This argument fails. Whether prior convictions constitute a single criminal offense or more than one for purposes of the ACCA depends not on the date of the convictions or the sentencing but on whether the crimes were committed at different times. § 924(e)(1); *United States v. Harris*, 447 F.3d 1300, 1305 n.2 (10th Cir. 2006) ("Separateness under the ACCA turns on when and where the crimes were committed, not when the convictions were entered."). Mr. Alexander committed each of his five predicate offenses on different days in different locations against different victims. Even though judgment on four of the convictions occurred on the same day in October 2000, they did not constitute a single offense for ACCA purposes. The conviction for which he was sentenced in February 2009 then provided a fifth, not a second, predicate offense.

Second, Mr. Alexander contends he did not plead guilty to the first predicate offense—shooting with the intent to kill his brother, Isaac Alexander—because "[Isaac] has never been shot in his life[.]" Response to *Anders* Brief at 1. But the factual basis for this offense is not relevant for our purposes as long as (1) Mr.

- 6 -

Alexander was convicted of the offense, and (2) the offense is a qualifying ACCA predicate. Regarding the first requirement, the PSR states that Mr. Alexander pled guilty to shooting Isaac, who was struck by the bullet and wounded. Mr. Alexander never objected to the PSR, and his contentions regarding the factual basis for the conviction find no support in the record. Second, shooting with intent to kill under Oklahoma law constitutes an ACCA qualifying predicate. *See United States v. McCalister*, 314 F. App'x 110, 111-12 (10th Cir. 2008) (unpublished) (recognizing that shooting with intent to kill is a "crime of violence" under the Guidelines); *see also United States v. Wray*, 776 F.3d 1182, 1184-85 (10th Cir. 2015) (explaining that we interpret "crime of violence" under the Guidelines and "violent felony" under the ACCA interchangeably). Thus, it was not plainly erroneous for the district court to count this conviction as an ACCA predicate. Even if the district court plainly erred on this issue, the error would be harmless because Mr. Alexander would still have at least three other qualifying predicates.

Third, Mr. Alexander claims he is not subject to the ACCA because three of his prior convictions occurred in 1999 when he was a juvenile. [Response to *Anders* brief at 1.] This argument is meritless because Mr. Alexander was convicted and sentenced as an adult for crimes punishable by imprisonment for a term exceeding one year. Under the statute, these convictions count towards the ACCA enhancement. *See* § 924(e)(2)(B) (stating that qualifying ACCA predicate conviction includes a "violent felony," which is any crime punishable for imprisonment for a term exceeding one year); *United States v. Cure*, 996 F.2d 1136, 1139-40 (11th Cir.

1993) (holding that prior conviction for crime committed when defendant was under 17 satisfied ACCA's requirements because defendant was adjudicated as an adult under Florida law and sentenced for a term exceeding one year).

Finally, Mr. Alexander's *Anders* response suggests he may wish to raise an ineffective assistance of counsel claim, but such claims "should be brought in collateral proceedings, not on direct appeal." *United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995) (en banc). When ineffectiveness claims are brought on direct appeal, they "are presumptively dismissible, and virtually all will be dismissed." *Galloway*, 56 F.3d at 1240. This court "recognizes a narrow exception to this principle only where the issue was raised before and ruled upon by the district court *and* a sufficient factual record exists." *United States v. Battles*, 745 F.3d 436, 457 (10th Cir. 2014). This case does not fall within that exception. Moreover, in light of *Galloway*'s general rule that ineffective assistance claims be brought through a motion under 28 U.S.C. § 2255 and not on direct appeal, this court has granted a defense counsel's motion to withdraw and dismissed an appeal based on an *Anders* brief even when the defendant may have had an ineffective assistance claim. *United States v. Calderon*, 428 F.3d 928, 931-32 (10th Cir. 2005) (granting counsel's motion to withdraw because even if defendant had a valid ineffectiveness claim, "this Court would not address such a claim here"). We do the same here.

## III. **CONCLUSION**

Neither Mr. Alexander nor his counsel identify a non-frivolous issue for review on appeal, and our independent review of the record did not uncover one either. We therefore grant counsel's motion to withdraw and dismiss this appeal.

ENTERED FOR THE COURT,


Scott M. Matheson, Jr.
Circuit Judge