FILED
United States Court of Appeals
Tenth Circuit

November 6, 2007

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

NADINE GARDUÑO,

      Defendant - Appellant.

No. 06-2317

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
(D.C. NO. CR-O5-1271-JH)**

---

Brian A. Pori, Inocente, P.C., Albuquerque, New Mexico, for Defendant-Appellant.

Laura Fashing, Assistant United States Attorney (Larry Gómez, Acting United States Attorney, with her on the brief), Albuquerque, New Mexico, for Plaintiff-Appellee.

---

Before **BRISCOE**, **MURPHY**, and **O'BRIEN**, Circuit Judges.

---

**MURPHY**, Circuit Judge.

## I.  Introduction

Defendant-Appellant Nadine Garduño pleaded guilty to involuntary manslaughter and assault resulting in serious bodily injury for her role in a fatal car accident.  After sentencing, Garduño filed a motion to withdraw her guilty plea, which the district court denied as barred by Federal Rule of Criminal Procedure 11.  On appeal, Garduño argues that Rule 11 did not bar the district court from granting her motion.

Garduño also appeals the sentence imposed by the district court.  Although the notice of appeal was filed after the time limitations in Federal Rule of Appellate Procedure 4(b) had expired, Garduño argues that the time to file a notice was tolled by her motion to withdraw her guilty plea or, alternatively, that she is entitled to tolling due to unique circumstances.  The government timely objected to Garduño's late filing.

Exercising jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742, this court **affirms** the district court's denial of Garduño's motion to withdraw her guilty plea.  This court holds that Rules 4(b)(1)(A) and 4(b)(4) are non-jurisdictional claim-processing rules.  Because the government made a timely objection to Garduño's late filing and because Garduño is not entitled to a unique circumstances exception, we **dismiss** Garduño's appeal.

## II.  Background

On June 14, 2004, Garduño was involved in a serious three-car accident within the San Ildefonso Pueblo Indian Reservation on New Mexico State Road 30. Garduño sustained minor injuries in the crash. The driver of the second vehicle, Lea Nowland, suffered serious injuries and the driver of the third vehicle, Aaron Alan Johnson, was pronounced dead at the scene of the accident. Garduño was indicted for involuntary manslaughter and assault resulting in serious bodily injury for her role in the accident.[1] Garduño pleaded guilty to the charges pursuant to a plea agreement. At sentencing on August 3, 2006, the district court sentenced Garduño to thirty-three months' imprisonment and two years' supervised release. She was also ordered to pay Noland $17,336.03 and Johnson's widow $837,711 pursuant to the Mandatory Victims Restitution Act. 18 U.S.C.A. § 3663(a)(1)(A). Garduño was ordered to report to the United States Marshals Service following sentencing and arrange for self-surrender within sixty days. The district court entered the judgment in the case on August 4, 2006.

Following sentencing, Garduño filed a pro se motion for an extension of time to appeal in order to find a new attorney. The district court granted the motion. On September 6, 2006, Garduño's new attorney filed an entry of appearance on her behalf. Also on September 6, Garduño filed a motion to

[1]Count 1 of the indictment charged Crime on an Indian Reservation, Assimilative Crimes: Reckless Driving, Involuntary Manslaughter under 18 U.S.C. § 1153, 18 U.S.C. § 13, N.M. Stat. Ann. § 66-8-113, 18 U.S.C. § 1112. Count 2 charged Crime on an Indian Reservation: Assault Resulting in Serious Bodily Injury, 18 U.S.C. § 1152, 18 U.S.C. § 113(a)(6).

withdraw her guilty plea.  In her motion, Garduño alleged she is factually innocent and pleaded guilty only because of the ineffective assistance of her appointed counsel.  That motion was denied by the district court on October 26, 2006, as untimely under Rule 11 of the Federal Rules of Criminal Procedure. After the denial of the motion to withdraw, Garduño filed a notice of appeal from the district court's order denying the motion.  She also filed a notice of appeal from the August 4, 2006 judgment.

### III.    Garduño's Motion to Withdraw her Plea of Guilty

Under the Federal Rules of Criminal Procedure, a defendant may withdraw a plea of guilty "after the court accepts the plea, but before it imposes sentence if . . . the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B).  In addition, the Rule states that "[a]fter the court imposes sentence, the defendant may not withdraw a plea of guilty or nolo contendere, and the plea may be set aside only on direct appeal or collateral attack."  Fed. R. Crim. P. 11(e).  Interpretations of the Federal Rules of Criminal Procedure are legal conclusions which this court reviews de novo.  *United States v. Roman-Zarate*, 115 F.3d 778, 781 (10th Cir. 1997).

Although Garduño's motion was filed after sentencing, she contends that her motion is not barred by Rule 11 because the sentence has not yet been "imposed."  She argues that the sentence is imposed when the defendant begins serving her sentence, not when not when the defendant is sentenced.  Therefore,

-4-

Garduño argues, because she has not actually surrendered to the Bureau of Prisons her sentence has not been imposed.

The plain language of Rule 11 precludes Garduño's arguments. The word "impose" in the context of a penalty means "to make, frame, or apply . . . as compulsory, obligatory or enforcible." Webster's Third New International Dictionary 1136 (1993). It does not have the same meaning as "commence," a proposition urged by Garduño. *Id.* at 456 ("to enter upon"). This is consistent with the application of Rule 11 in the federal courts where, after sentencing, a defendant's options for challenging a plea of guilty are limited to direct appeal or a collateral attack pursuant to 28 U.S.C. § 2255. *See, e.g.*, *Lucero v. United States*, 425 F.2d 172, 173 (10th Cir. 1970) (per curiam) (challenging a guilty plea on collateral attack); *United States v. Ortega-Ascanio,* 376 F.3d 879, 885 (9th Cir. 2004) ("If the defendant waits until his conviction is final, the district court cannot permit withdrawal and the plea can be set aside only on direct appeal or in collateral proceedings, that is, if the plea is somehow invalid."). Garduño's sentence was imposed within the meaning of Rule 11 when the district court announced her sentence on August 3, 2006. Her September 6, 2006 motion to withdraw her plea was therefore untimely.

## IV.   Timeliness of the Notice of Appeal

*A.  Legal Standard*

The government asserts Garduño's appeal of the district court's sentence is untimely. In this court, dismissal of an untimely notice of appeal from a judgment in a criminal case has long been held as "mandatory and jurisdictional." *Wilkinson v. United States*, 278 F.2d 604, 605 (10th Cir. 1960) (per curiam) (citing *United States v. Robinson*, 361 U.S. 220, 224 (1960)).[2] The Supreme Court recently explained, however, that its past use of the term "jurisdictional" has "been less than meticulous" and it has "more than occasionally used the term 'jurisdictional' to describe emphatic time prescriptions in rules of court." *Kontrick v. Ryan*, 540 U.S. 443, 454 (2004) (citing *Robinson* as an example of a lack of meticulousness). The Court later explained that its holding in *Robinson* was "correct not because the [d]istrict [c]ourt lacked *subject-matter jurisdiction*, but because district courts must observe the clear limits of the Rules of Criminal Procedure when they are properly invoked." *Eberhart v. United States*, 546 U.S. 12, 17 (2005) (per curiam).

In *Bowles v. Russell*, the Supreme Court further clarified that whether a procedural rule's time limitations are claim-processing or jurisdictional hinges on whether the rule is grounded in a statute. 127 S. Ct. 2360, 2363–66 (2007). *Bowles* involved a notice of appeal from a district court judgment in a habeas corpus proceeding, the timeliness of which is governed by Rule 4(a). *Id*.; Fed. R.

---

[2]*Robinson* involved time limitations for filing a notice of appeal under Rule 37(a), which is the predecessor to Rule 4(b). *United States v. Robinson*, 361 U.S. 220, 221 (1960).

App. P. 4(a)(1)(A) & 4(a)(6). The Court held that time limitations in Rules

4(a)(1)(A) and 4(a)(6) are jurisdictional and not subject to waiver. *Id*. at

2366–67. In reaching its holding, the Court emphasized the timeliness dictates

were jurisdictional because Rules 4(a)(1)(A) and 4(a)(6) derive from a statute.

*Id*.; 28 U.S.C. § 2107(a) & (c).

Unlike Rules 4(a)(1)(A) and 4(a)(6), Rules 4(b)(1)(A) and 4(b)(4), which

govern appeals from defendants in criminal trials, do not have statutory

grounding. *See United States v. Sadler*, 480 F.3d 932, 938 n.6 (9th Cir. 2007).

Several other circuits have held that, as a result, Rule 4(b)(1)(A) is a non-

jurisdictional claim-processing rule. *United States v. Molina Martinez*, 496 F.3d

387, 388–89 (5th Cir. 2007); *Sadler*, 480 F.3d at 940. *See also United States v.*

*Singletary*, 471 F.3d 193, 196 (D.C. Cir. 2006) (implying Rule 4(b)(1)(A) is non-

jurisdictional, but dismissing the appeal on other grounds).[3] This court joins

those circuits in holding that Rules 4(b)(1)(A) and 4(b)(4) are "inflexible claim-

processing rule[s]," which, unlike a jurisdictional rule, may be forfeited if not

---

[3]Several of our cases have recognized that a shift in doctrine might be necessary, but did not decide the issue. *Alva v. Teen Help*, 469 F.3d 946, 953 n.13 (10th Cir. 2006) ("We do not believe the absence of a statute affects the jurisdictional nature of a timely notice of appeal in a criminal case. . . . Nevertheless, the issue is not before us and we do not resolve it."); *Carpenter v. Boeing Co.*, 456 F.3d 1183, 1190 n.1 (10th Cir. 2006) (noting *Eberhart v. United States*, 546 U.S. 12 (2005) (per curiam), "casts doubt on the notion that the timeliness of notices of appeal generally is jurisdictional," but not deciding the issue); *In re Special Grand Jury 89-2*, 450 F.3d 1159, 1166 n.2 (10th Cir. 2006) ("Because we conclude that Appellants' notices of appeal were timely, we do not need to resolve today whether timeliness of a notice of appeal is jurisdictional.").

properly raised by the government. *See Kontrick*, 540 U.S. at 456. The timeliness requirements of Rules 4(b)(1)(A) and 4(b)(4), however, remain inflexible and "thus assure relief to a party properly raising them." *Eberhart*, 546 U.S. at 19.

*B. Garduño's Compliance with Rule 4(b)*

Under the Federal Rules of Appellate Procedure, a defendant in a criminal trial must file a notice of appeal within ten days after entry of the judgment or order being appealed. Fed. R. App. P. 4(b)(1)(A). The district court sentenced Garduño on August 3, 2006 and then granted a thirty-day extension of time to file her notice of appeal pursuant to Rule 4(b)(4). Although Garduño filed a motion to withdraw her guilty plea on September 6, within the time limit prescribed by the district court, she did not file a notice of appeal of her sentence until October 31, well after the time had expired.[4]

Garduño contends her motion to withdraw her guilty plea was the functional equivalent of a motion for a new trial and her time to appeal was tolled until after the resolution of the motion. Rule 4(b)(3)(A) provides that "[i]f a defendant timely makes any of the following motions under the Federal Rules of Criminal Procedure, the notice of appeal from a judgment of conviction must be filed within 10 days after the entry of the order disposing of the last such

---

[4]Garduño does not contest that, absent tolling, her time to file a notice of appeal had expired.

remaining motion . . . ." Fed. R. App. P. 4(b)(3)(A). The rule then lists Rule 29 motions for judgment of acquittal, Rule 33 motions for a new trial, and Rule 34 motions for arrest of judgment. Fed. R. App. P. 4(b)(3)(A)(i–iii).

There is no support for Garduño's functional equivalency argument. The text of Rule 4(b) does not indicate that motions other than those enumerated may toll the time for filing a notice of appeal. Nor are there any statements by the advisory committee or in case law supporting a functional equivalency application of Rule 4(b)(3)(A). We decline to recognize such an application here.

Garduño argues further that even if her notice of appeal was untimely, the appeal should go forward because the district court induced her delay by entertaining her motion to withdraw her guilty plea and she is therefore entitled to a "unique circumstances" exception under *Thompson v. INS*, 375 U.S. 384, 386–87 (1964) (per curiam) (quotation omitted).[5] *Thompson* involved an appeal from a judgment in a civil case under Rule 4(a) and it is not clear whether *Thompson* applies to an appeal of a criminal conviction. *See United States v. Rapoport*, 159 F.3d 1, 3 n.2 (1st Cir. 1998) (explaining one reason for its decision not to apply *Thompson* to the criminal case before it was "*Thompson* involved a civil case, and civil cases are governed by different rules"). This court has

_____

[5]*Bowles v. Russell*, 127 S. Ct. 2360, 2366 (2007), overruled *Thompson v. INS*, 375 U.S. 384, 386–87 (1964) (per curiam)*,* to the extent that *Thompson* authorized an exception to a jurisdictional rule. As discussed above, however, Rule 4(b)(1)(A) is non-jurisdictional.

recognized a unique circumstances exception may be available in the context of an appeal in a civil case, but has not addressed the doctrine's applicability in the criminal context. *Senjuro v. Murray*, 943 F.2d 36, 37 (10th Cir. 1991); *Stauber v. Kieser*, 810 F.2d 1, 1–2 (10th Cir. 1982).[6]

Even in the civil context, "unique circumstances" was a "disfavored doctrine" meant to be applied only in "carefully limited circumstances." *Home & Family, Inc. v. England Res. Corp.* (*In re Home & Family, Inc.*), 85 F.3d 478, 481 (10th Cir. 1996) (quotations omitted). The Supreme Court's decision in *Osterneck v. Ernst & Whinney* limited *Thompson* to situations "where a party has performed an act which, if properly done, would postpone the deadline for filing his appeal and has received specific assurance by a judicial officer that this act has been properly done." 489 U.S. 169, 179 (1989). Thus, even in cases in which the district court erroneously issued an extension of time in violation of the Federal Rules of Appellate Procedure, this court has refused to grant exceptions to litigants. *Weitz v. Lovelace Health Sys., Inc.*, 214 F.3d 1175, 1179 (10th Cir. 2000); *Certain Underwriters at Lloyds of London v. Evans*, 896 F.2d 1255, 1258 (10th Cir. 1990).

We need not decide in this case whether the unique circumstances exception may be available to a defendant in a criminal proceeding to extend the

---

[6]To the extent these precedents authorize an exception to Rule 4(a)(1)(A), they are overruled by *Bowles*. *See* 127 S. Ct. 2366.

time for appeal under Rule 4(b)(1)(A). The facts in this case cannot qualify as unique circumstances. No action taken by Garduño, if properly done, could have tolled the time limitations. *See Osterneck*, 489 U.S. at 179. Nor did the district court give Garduño any assurances regarding timeliness. *See id.* Garduño is not entitled to a unique circumstances exception.

Consequently, Rules 4(b)(1)(A) and 4(b)(4) were not tolled and Garduño's notice of appeal was untimely. The government objected to Garduño's late notice of appeal in its response brief. There is no provision in the Federal Rules of Criminal Procedure or the Federal Rules of Appellate Procedure requiring earlier objection to a late notice of appeal. *Singletary*, 471 F.3d at 196.[7] As a consequence, the government's challenge to the timeliness of Garduño's appeal was itself timely and effective.

## V. Conclusion

For the foregoing reasons, we hold that Garduño could not withdraw her plea of guilty after sentencing in her case. We further hold that Federal Rules of Appellate Procedure 4(b)(1)(A) and 4(b)(4) are non-jurisdictional claim-processing rules. Because the government timely objected to Garduño's late

---

[7]We note that when the government recognizes a violation of Rule 4(b)(1)(A), it should consider filing a motion for dismissal under Federal Rule of Appellate Procedure 27 and 10th Circuit Rule 27.2(A)(1)(a) to avoid briefing on the merits. Failure to invoke Rule 27.2(A)(1)(a), however, does not constitute a forfeiture where, as here, the appellee seeks dismissal for failure to timely appeal in its response brief.

-11-

notice of appeal, this court is bound to dismiss the appeal. Accordingly, the appeal of the August 4, 2006 judgment is **DISMISSED**; the order denying the motion to withdraw the plea of guilty is **AFFIRMED**.