**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 20, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

WILLIAM JAMES CLARK,

     Defendant-Appellant.

No. 08-7049

(D.C. No. CR-02-053-JHP)
(E. D. Oklahoma)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY, ANDERSON,** and **BRISCOE**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously to honor the parties' request for a decision on the briefs without oral

argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is, therefore,

submitted without oral argument.

Defendant William James Clark appeals the revocation of his supervised release

and the term of imprisonment the district court imposed. Clark's appellate counsel

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

determined after a diligent search of the record that there were no issues that could support an appeal. As a result, counsel filed a motion to withdraw and an Anders brief pursuant to Anders v. California, 386 U.S. 738, 744 (1967). We have jurisdiction under 28 U.S.C. § 1291, we dismiss this appeal and grant counsel's motion.

I

On August 1, 2002, a grand jury in the Eastern District of Oklahoma indicted Clark on one count of impersonating a federal officer under 18 U.S.C. § 912 ("count 1"), and one count of possessing a firearm as a convicted felon under 18 U.S.C. § 922(g)(1) ("count 2"). R. Vol. I at 27–28. After Clark pleaded guilty, the court sentenced Clark to 36 months' imprisonment for count 1, and 70 months' imprisonment for count 2; the sentences ran concurrently. Additionally, the court imposed a 1-year term of supervised release for count 1, and a 3-year term of supervised release for count 2. As a condition of Clark's supervised release, Clark was not to "commit another federal, state, or local crime." Id. at 10, 31. Clark began serving his prison term in 2003; he began serving his supervised release term in September 2007.

On October 29, 2007, a probation officer filed a motion to revoke Clark's supervised release. This motion alleged that Clark called the Russian Embassy and claimed there was a plot to assassinate "Russian President Putin." Id. at 35. Law enforcement officials questioned Clark about his involvement with this telephone call. Initially, Clark denied that he called the Russian Embassy. Eventually, Clark acknowledged that he made the call and received a return call from the operator at the

2

Russian Embassy.

Before the court held a revocation hearing, the United States filed a motion to determine Clark's mental competency. The court granted this motion, finding that "a significant question exists as to [Clark's] mental status." Id. at 54. The court ordered Clark to undergo a mental competency evaluation. After conducting a hearing and reviewing the forensic psychologist's competency evaluation, a Magistrate Judge found that Clark was mentally competent and able to understand the proceedings against him and to assist properly in his defense. The district court adopted the Magistrate's findings and recommendations.

After Clark waived his preliminary revocation hearing, the district court held a final revocation hearing on March 25, 2008. At this hearing, Clark, with counsel, stipulated to the allegations in the motion to revoke his supervised release and "waive[d] the right to have the government present evidence." R. Vol. II, Doc. 2 at 2. The court asked Clark directly if he agreed with this waiver. Clark acknowledged that he agreed. Based on this stipulation, the court found that Clark violated the terms of his supervised release. Before sentencing Clark, the court asked if he had anything to say. Clark responded:

> [W]hen this happened . . . I wasn't getting my psych medication that I was supposed to be on. I admit to doing what I did on making these phone calls because I wasn't getting my medication so I didn't know exactly what was going on . . . Since I've been out and here in Muskogee, I have been getting my medication through Green Country and since then I've been . . . better. I haven't done . . . anything stupid like this at all. I admit this was stupid of me and stuff but I was in—I wasn't in the right frame of mind. . . . I

3

respectfully request that you, the judge, this court, that if I do get sentenced to BOP, if you can order me to go to a medical center where I can get the correct medications and medical care that I need so I can get out and stuff and go on.

Id. at 8–9. At the conclusion of the hearing, the court sentenced Clark to 12 months' incarceration on count 1, and 21 months' incarceration on count 2, to run concurrently. At the end of this hearing, the district court informed Clark, "Mr. Clark, you'll have ten days in which to appeal this sentence. You may file a motion to file the appeal in forma pauperis, without cost to you, and Mr. Ridenour will remain your attorney until you make a decision about appeal." Id. at 13.

On May 9, 2008, Clark filed a pro se letter, appealing his revocation sentence. In this letter, Clark alleges that his "court appointed attorney didn't do anything on [his] case and he refused to file my appeal . . . ." R. Vol. I at 66. Clark requested the assistance of new counsel for his appeal.

Appointed appellate counsel submitted an Anders brief, arguing that nothing in the record could support a reversal of the revocation or sentence. Regarding the statements in Clark's letter about a disagreement over whether to file an appeal, appellate counsel states, "This issue was not raised on the record with the district court and the court did not address the issue." Aplt. Anders Br. at 10. Regarding the timeliness of Clark's notice of appeal, counsel noted in the "Statement of Jurisdiction" that Clark's notice of appeal was due April 11, 2008, but not filed until May 9, 2008.

Clark filed a pro se response to counsel's Anders brief. In this response, Clark

4

continues to acknowledge that his actions violated his supervised release. Clark, however, argues that he "told his attorney that he needed to be evaluated to see if the defendant was competent at the time of the violation, but his attorney failed to raise this issue." Aplt. Pro Se Br. at 3. Based on this omission, Clark contends the district court failed to consider his mental status at the time of his violations.

The government submitted an appellee brief, addressing the Anders brief and Clark's pro se response. Other than agreeing with the "Statement of Jurisdiction" in the Anders brief, the government did not address the timeliness of Clark's notice of appeal. Instead, the government argued that any issues Clark currently raises were not properly presented to the district court.

II

We first consider the timeliness of Clark's notice of appeal. Under Federal Rule of Appellate Procedure 4(b)(1)(A), "In a criminal case, a defendant's notice of appeal must be filed in the district court within 10 days after . . . the entry of either the judgment or the order being appealed." United States v. Garduno, 506 F.3d 1287, 1291 (10th Cir. 2007) (discussing this rule).[1] This 10-day limit excludes weekends and holidays. United States v. McComb, 519 F.3d 1049, 1052 n.2 (10th Cir. 2007). This rule, however, is not jurisdictional and "may be forfeited if not properly raised by the government." Garduno,

---

[1] Although Federal Rule of Appellate Procedure 4(b)(4) allows a district court to extend this time limit up to 30 days upon a finding of excusable neglect or good cause, there is no indication in the record that Clark made any request to the district court for such an extension.

506 F.3d at 1291.

Here, the district court entered the judgment revoking Clark's supervised release and sentencing him on March 28, 2008. The district court notified Clark that he had ten days to file a notice of appeal. Clark did not file a notice of appeal until May 9, 2008. The government, however, has not properly raised Federal Rule of Appellate Procedure 4(b)(1)(A). Instead, the government only generally agrees with a statement of jurisdiction in the Anders brief. The government is not entitled to relief on this ground, and we proceed to the merits of Clark's appeal.

Clark argues that his counsel refused to raise the issue of whether he was competent when he violated the conditions of his supervised release. Additionally, Clark argues that the district court failed to consider several variations of this issue. E.g., Aplt. Pro Se Br. at 3 ("(1) was the defendant in the right frame of mind at the time; (2) the defendant gave his name and phone number to the Embassy, if the Defendant was going to commit a new crime then why would he [have given] his real name and phone number? . . . (4) this is the first violation for the Defendant and it was due to his not receiving his medication as directed by the sentencing court . . ."). Clark's arguments implicitly acknowledge that this issue was not raised before the district court.

Because Clark did not raise this issue before the district court, we review for plain error. United States v. Thompson, 518 F.3d 832, 867 (10th Cir. 2008). "Under this standard, Defendant must show: (1) an error, (2) that is plain, which means clear or obvious under current law, and (3) that affect[s] substantial rights." United States v.

6

<u>Smith</u>, 531 F.3d 1261, 1268 (10th Cir. 2008) (quoting <u>United States v. Fabiano</u>, 169 F.3d 1299, 1303 (10th Cir. 1999)) (alteration in original).  Because of Clark's stipulations, he cannot meet these requirements.

Clark stipulated that he committed the acts alleged in the petition to revoke his supervised release.  Clark stipulated that he was aware of all of the evidence against him.  Clark stipulated that he understood his right to have a hearing and require the government to present this evidence.  Clark stipulated that he understood what rights he would have at such a hearing.  Clark also acknowledged that he understood the potential punishment he could receive.  Based on these stipulations, the district court found that Clark violated the terms and conditions of his supervised release.  Although Clark later told the district court, "I admit to doing what I did on making these phone calls because I wasn't getting my medication so I didn't know exactly what was going on"—R. Vol. II, Doc. 2, at 8—Clark made this statement after the court found Clark had violated the terms and conditions of his supervised release.  At the time of Clark's statement, the court had already proceeded to sentencing.  Therefore, this statement by Clark related to his sentencing and not his culpability for his actions.  Clark's argument that the court should have considered his mental status at the time of his actions would have required the district court to reject Clark's stipulations, including the stipulation that he committed the acts alleged in the petition to revoke, and conduct an evidentiary hearing.  We conclude

the district court did not err by accepting Clark's stipulations.[2]

III

After reviewing the record on appeal, we see no meritorious issues for appeal.  We

therefore dismiss Clark's appeal and grant counsel's motion to withdraw.


Entered for the Court


Mary Beck Briscoe
Circuit Judge

---

[2] We do not address Clark's assertions of ineffective assistance of counsel.  Such claims are best addressed collaterally rather than on direct appeal.  United States v. Galloway, 56 F.3d 1239, 1240 (10th Cir. 1995) (en banc) ("Ineffective assistance of counsel claims should be brought in collateral proceedings, not on direct appeal.  Such claims brought on direct appeal are presumptively dismissible, and virtually all will be dismissed.").