**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 17, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ANDREAS W. PAETZOLD,

Defendant-Appellant.

No. 08-8095
(D.C. No. 2:08-MJ-00034-WFD-1)
(D. Wyo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, Circuit Judge, **BRORBY**, Senior Circuit Judge, and **TYMKOVICH**, Circuit Judge.

---

Andreas W. Paetzold appeals from a district court order that dismissed as untimely his appeal from a magistrate judge's judgment of conviction. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

During a visit to Yellowstone National Park in March 2007, Mr. Paetzold was cited for possession of marijuana and possession of cultural resources, both

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

misdemeanors. His lawyer filed a motion to suppress, which was denied by the magistrate judge. Shortly thereafter, his lawyer withdrew. Acting *pro se*, Mr. Paetzold moved for reconsideration of his motion to suppress. The motion was denied.

Mr. Paetzold then entered conditional guilty pleas to both charges on February 27, 2008. The magistrate judge imposed a $1,000 fine and sentenced him to one year of unsupervised probation. Mr. Paetzold's notice of appeal from the conviction and sentence was filed in district court on March 19. The notice asserted that it was the "second . . . notice of appeal that has been sent to the Clerk of the Court in Cheyenne. This first notice of appeal never arrived." R., Doc. 1 at 1.

Acting without a response from the government, the district court dismissed the appeal as untimely. It stated that although "[a] magistrate's judgment in a criminal case may be appealed within ten days of the date of judgment[,] [citing D. Wyo. R. Civ. P. 74.1(d), which provides a ten-day deadline for an appeal from a magistrate-judge judgment in a misdemeanor case], [Mr.] Paetzold filed the instant Notice of Appeal on March 19, 200[8], some fifteen working days after his judgment, or five days after his Notice of Appeal was due."[1] R., Doc. 4 at 1-2.

---

[1] The ten-day deadline excludes intervening Saturdays, Sundays, and certain holidays. *See* Fed. R. Crim. P. 45(a)

"Because [Mr. Paetzold's] Notice of Appeal was delinquent, this Court need not reach the merits of his appeal." *Id*. at 2.

In a motion to reconsider, Mr. Paetzold included a letter from a delivery service indicating that his March 7, 2008, "shipment to the Clerk of the Court in Cheyenne, Wyoming . . . was tendered to FedEx with an estimated delivery date of March 10." *Id*., Doc. 5 at 2. "Unfortunately," said the letter, "we have not been able to locate this shipment since it was given to our FedEx Ground terminal in Henderson, Colorado on March 7." *Id*. Mr. Paetzold therefore argued that the untimely notice should be overlooked because "this matter was truly out of [his] hands, [and] . . . amount[ed] to justifiable excuse." *Id*. at 1.

Again without any response from the government, the district court denied the motion for reconsideration in a November 13, 2008, order:

> The Court reiterates that Local Civil Rule 74.1(d) requires actual rather than merely attempted filing of a notice of appeal within ten days of the date of judgment. While [Mr. Paetzold] has provided, and now bolstered, excuses as to why he did not meet that deadline, the effect is the same: [the] notice of appeal was not timely filed.

*Id*., Doc. 6 at 1.

On November 24, 2008, Mr. Paetzold filed a pleading in the district court titled "Motion to Reconsider and/or Notice of Appeal." *Id*., Doc. 7 at 1. After discussing why the court had erred, it stated: "[I]f the Court will not accept the late filing of notice of appeal of the magistrate's findings then please consider

this a notice of appeal of the District[']s Nov. 13 Order to the 10th Cir. Court of Appeals." *Id*. at 2. He nonetheless filed another notice of appeal on December 5.

The government concedes that if Mr. Paetzold's November 24 pleading satisfies the requirements for a notice of appeal under Rule 3(c) of the Federal Rules of Appellate Procedure, it is timely. The government, however, "does not view this document as a 'notice of appeal' within the meaning of Rules 3 and 4, Fed. R. App. P.," Aplee. Br. at 13, because it is "provisional or conditional in nature" and because almost all the pleading seeks relief from the district court, *id*. We disagree. Under Rule 3(c)(4), "An appeal must not be dismissed for informality of form or title of the notice of appeal." A pleading comports with Rule 3(c) as long as it specifies "(1) the party taking the appeal, (2) the order being appealed, and (3) the name of the court to which the appeal is taken." *Berrey v. Asarco Inc*., 439 F.3d 636, 642 (10th Cir. 2006). Mr. Paetzold's pleading meets these requirements.

We now turn to the merits of the district court's order dismissing Mr. Paetzold's appeal as untimely. Under 18 U.S.C. § 3402 his appeal from the magistrate judge's decision lies with the district court. Section 3402, however, does not contain a filing deadline; instead, the ten-day filing deadline arises under Rule 58(g)(2)(B) of the Federal Rules of Criminal Procedure. Because this deadline is not grounded in a statute, it is not jurisdictional. But it is an inflexible claim-processing rule that cannot be forfeited unless "the party asserting the rule

waits too long to raise the point." *Kontrick v. Ryan*, 540 U.S. 443, 456 (2004); *see United States v. Mitchell*, 518 F.3d 740, 744 (10th Cir. 2008). In this case there has been no forfeiture by the government, which had not even responded to Mr. Paetzold's appeal to the district court before the district court dismissed the appeal.

Nevertheless, courts should be hesitant to enforce claim-processing deadlines when the opposing party has not objected. Although it may sometimes be proper for a court to raise a claim-processing rule on its own, these instances usually involve special circumstances that "implicate judicial interests beyond those of the parties[.]" *Mitchell*, 518 F.3d. at 750. There do not appear to be any special circumstances here, and the government concedes that the "court committed a procedural error in the *sua sponte* manner in which it disposed of [Mr. Paetzold's] appeal." Aplee. Br. at 19. At the same time, however, the government has stated that if the case were remanded, it would "immediately file its own motion to dismiss under the local rules and Rule 58. Were that to happen, the district court would have no discretion but to apply the . . . rules, since at that point they would have been properly invoked by the party they favor." *Id*. at 20. Given that the district court would be required to dismiss the appeal, *see United States v. Garduno*, 506 F.3d 1287, 1291 (10th Cir. 2007), a remand would be a useless gesture.

We AFFIRM the order of the district court.

Entered for the Court


Harris L Hartz
Circuit Judge