PAUL KELLY, JR., Circuit Judge,
concurring in result.
I agree with the court that the government was not required to file a cross-appeal to challenge the district court’s order extending the time to appeal; a motion to dismiss in this court will suffice. Under our precedent, a district court abuses its discretion in granting an extension solely on the basis of an error concerning a clear deadline. See United States v. Vogl, 374 F.3d 976, 981-82 (10th Cir.2004); United States v. Torres, 372 F.3d 1159, 1163-64 (10th Cir.2004).
Because the filing of a notice of appeal in a criminal case is a non-jurisdictional claims-processing rule, the government ordinarily would be required to object or forfeit the issue. See United States v. Mitchell, 518 F.3d 740, 743-44 (10th Cir. 2008); United States v. Garduño, 506 F.3d 1287, 1288-89 (10th Cir.2007). The government may object to the timeliness of a notice of appeal by motion in this court or in its merits brief; it is not required to make its objection to the district court. Garduño, 506 F.3d at 1292; United States v. Lopez, 562 F.3d 1309, 1313 (11th Cir.2009); United States v. Singletary, 471 F.3d 193, 196 (D.C.Cir.2006). What distinguishes this case is that Mr. Madrid persuaded the district court to grant a timely motion for extension of time to file a notice of appeal. Mr. Madrid argues that the government was required to file a motion for reconsideration after the district court granted the extension without benefit of a government response. The court holds that even if such a motion constituted an adequate opportunity to object, the district court would have lacked jurisdiction to consider it because the notice of appeal had been filed.
Plain and simple, the government was under no obligation to file a motion to reconsider. See Adams v. Trs. of N.J. Brewery Emps. ’ Pension Trust Fund, 29 F.3d 863, 872 (3rd Cir.1994). Neither the federal criminal rules nor the local rules even mention — let alone require — a motion for reconsideration. Cf. Warren v. Am. Bankers Ins., 507 F.3d 1239, 1243 (10th Cir.2007) (observing that in civil matters such motions are generally construed as arising under Fed.R.Civ.P. 59(e) or 60). In the civil context, there is “absolutely no authority that creates an obligation to raise a motion to reconsider in order to preserve [an] argument for appeal.” Walker v. Abbott Laboratories, 340 F.3d 471, 474 (7th Cir.2003); see Penobscot Indian Nation v. Key Bank of Me., 112 F.3d 538, 563 (1st Cir.1997) (no requirement to seek reconsideration when a district court grants summary judgment sua sponte). That also is the case here.