FILED
United States Court of Appeals
Tenth Circuit

April 5, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

JUAN CARLOS GARCIA-ROMAN,

Defendant–Appellant.

Nos. 11-3147 & 11-3149
(D.C. Nos. 5:07-CR-40069-MLB-1 &
6:10-CR-10065-MLB-1 )
(D. Kansas)

**ORDER AND JUDGMENT**[*]

Before **O'BRIEN**, **McKAY**, and **TYMKOVICH**, Circuit Judges.

After examining the briefs and the appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f). This case is therefore ordered submitted without oral argument.

These direct criminal appeals involve a supervised release revocation and a conviction for re-entry after deportation. In separate appeals, which we consolidate for purposes of disposition, Defendant Juan Carlos Garcia-Roman appeals his sentencing. In an earlier proceeding, Defendant was convicted of distribution of twenty kilograms of

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

marijuana, sentenced to time served, and placed on two years of supervised release. He was then deported to Mexico. Defendant unlawfully re-entered the country and was arrested in Kansas for driving without a driver's license. Defendant pled guilty to re-entry after deportation and admitted to the violation of his supervised release. At sentencing, he asked the district court for a downward variance in light of the fact that he returned to the United States only to help his wife, who had been in a serious automobile accident. The district court calculated the relevant guidelines sentence for the illegal re-entry as forty-six to fifty-seven months and sentenced Defendant to forty-six months of incarceration. The district court also imposed a consecutive eight-month sentence for the supervised release violation for a total sentence of fifty-four months.

Nearly six months after entry of judgment, Defendant, acting pro se, filed these appeals. The district court thereafter appointed him counsel. Defendant did not seek a time extension in the district court. Defendant claims his prior counsel, who is currently on disability inactive status, failed to file a notice of appeal. In the interests of judicial economy, Defendant asks the court to consider these appeals despite their untimeliness.

Under the Federal Rules of Appellate Procedure, a defendant in a criminal trial must file a notice of appeal within fourteen days after entry of the judgment or order being appealed. Fed. R. App. P. 4(b)(1)(A). "If the defendant does not file an appeal, the criminal conviction becomes final upon the expiration of the time in which to take a direct criminal appeal." *United States v. Prows*, 448 F.3d 1223, 1227-28 (10th Cir. 2006). The district court entered judgment in Defendant's case on November 17, 2010.

The judgment became final on December 2, 2010. Defendant filed his notices of appeal on May 23, 2011, far outside the fourteen-day time period. While the government could have filed a motion for dismissal under Rule 27 to avoid briefing on the merits, it does not forfeit such position if it seeks dismissal for untimeliness in its response brief, which it did here. *See United States v. Gardun͂o*, 506 F.3d 1287, 1292 n.7 (10th Cir. 2007). Despite its nonjurisdictional nature, Rule 4(b)(1)(A) is an "inflexible claim processing rule," which "assure[s] relief to a party properly raising" its time limits. *Id.* at 1291 (quotation marks omitted). Thus, the United States properly raised Defendant's failure to file timely notices of appeal.[2]

        Accordingly, we **DISMISS** these appeals.


                             ENTERED FOR THE COURT


                             Monroe G. McKay
                             Circuit Judge

---

[2] In a case like this one, which will inevitably come back to us as a § 2255 petition for habeas relief, dismissal under Rule 4(b)(1) seems to undermine the rationale for the timeliness rule—to save judicial resources. Where the rule is not jurisdictional, it would seem simpler to exercise our discretion in the typical case, which is often unmeritorious, to end the process and dispose of the case on the merits. However, we cannot. Because the government seeks dismissal for untimeliness, we must dismiss. *See Eberhart v. United States*, 546 U.S. 12, 17-19 (2005); *Gardun͂o*, 506 F.3d at 1291.