FILED
United States Court of Appeals
Tenth Circuit

May 13, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

HUMBERTO BELTRAN-FLORES,

      Defendant - Appellant.

No. 14-6227
(D.C. No. 5:14-CR-00089-C-2)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, **GORSUCH**, and **MORITZ**, Circuit Judges.

---

Pursuant to a plea agreement with a broad appeal waiver, Humberto

Beltran-Flores pleaded guilty to one count of possession of methamphetamine with

intent to distribute, in violation of 21 U.S.C. § 841(a)(1). The district court entered

judgment on September 25, 2014, and, despite his appeal waiver, Mr. Beltran-Flores

filed a pro se notice of appeal on December 1. The government has moved to enforce

the appeal waiver under *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004)

---

[*]     This panel has determined that oral argument would not materially assist the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The
case is therefore ordered submitted without oral argument. This order and judgment
is not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

(en banc) (per curiam), or to dismiss the appeal as untimely under Fed. R. App. P. 4(b)(1)(A)(i). We appointed new counsel to represent Mr. Beltran-Flores in this matter. In light of the parties' arguments, we grant the government's motion to dismiss the appeal as untimely.

Under Rule 4(b)(1)(A)(i), a criminal defendant must file a notice of appeal "within 14 days after the later of: (i) the entry of either the judgment or the order being appealed." Rule 4(b) is not jurisdictional, but is one of the "inflexible claim-processing rules, which, unlike a jurisdictional rule, may be forfeited if not properly raised by the government." *United States v. Garduño*, 506 F.3d 1287, 1291 (10th Cir. 2007) (brackets omitted) (internal quotation marks omitted). As a result, the inflexible deadline in Rule 4(b)(1)(A) "assure[s] relief to a party properly raising" it. *Garduño*, 506 F.3d at 1291. Mr. Beltran-Flores filed his notice of appeal sixty-seven days after the district court entered the judgment.

Mr. Beltran-Flores argues that the government waived its objection to the untimely filing of the notice of appeal by failing to move to dismiss the appeal within fourteen days, as provided in 10th Cir. R. 27.2(A)(1)(a) & (3)(a). We noted in *Garduño* that "when the government recognizes a violation of Rule 4(b)(1)(A), it should consider filing a motion for dismissal under Federal Rule of Appellate Procedure 27 and 10th Circuit Rule 27.2(A)(1)(a) . . . ." *Garduño*, 506 F.3d at 1292 n.7. But we also pointed out that the procedural rules do not require that a motion to dismiss a criminal appeal as untimely be made earlier than the government's response

brief. *Id.* at 1292. We concluded that a "[f]ailure to invoke Rule 27.2(A)(1)(a) . . . does not constitute a forfeiture where . . . the appellee seeks dismissal for failure to timely appeal in its response brief." *Garduño*, 506 F.3d at 1291 n.7. Similarly, the government raised the untimeliness of the notice of appeal in this case in its motion to enforce the appeal waiver. We conclude that the issue is not forfeited. *See id.*

We grant the government's motion to dismiss the appeal as untimely. The appeal is dismissed.

Entered for the Court
Per Curiam