FILED
United States Court of Appeals
Tenth Circuit

March 15, 2018

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

MARTIN NUNEZ,

     Defendant - Appellant.

No. 17-2106
(D.C. No. 2:16-CR-02798-KG-1)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **HARTZ**, and **BACHARACH**, Circuit Judges.
_____

    Defendant Martin Nunez pleaded guilty to one count of possession with intent

to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A),

and was sentenced to a term of imprisonment of 108 months. Nunez now appeals,

arguing that his sentence is substantively unreasonable. We dismiss his appeal as

untimely filed and thus do not reach the merits of the appeal.

_____

    [*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

I

On June 22, 2016, a federal grand jury indicted Nunez on one count of possessing with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), and 18 U.S.C. § 2. On September 20, 2016, Nunez pleaded guilty to the single charge alleged in the indictment.

A presentence investigation report (PSR) was prepared and submitted to the district court and the parties on December 5, 2016. The PSR calculated an advisory Guidelines sentencing range of 135 to 168 months based on a total offense level of 33 and a criminal history category of I.

Nunez objected to the PSR's imposition of a two-level enhancement for possession of a dangerous weapon, pursuant to U.S.S.G. § 2D1.1(b)(1). Nunez also moved for a downward variance from the advisory Guidelines sentencing range. Specifically, Nunez asked the district court to vary downward from a total offense level of 33 to a total offense level of 29, which would result in an advisory Guidelines sentencing range of 87 to 108 months. Nunez argued that this would result in a sentence "sufficient, but not greater than necessary to comply with the purposes set forth in 18 U.S.C. § 3553(a) and would be reasonable under United States v. Booker, 543 U.S. 220 (2005)." ROA, Vol. I at 14 (footnote omitted). In support of his request for a downward variance, Nunez argued that "[h]e and his fiancé have an infant daughter" who was "born November 13, 2016," and he "is actively involved in his young daughter's li[f]e." Id. Nunez argued that his fiancé

2

"need[ed] [him] at home to co-parent the child and financially maintain a household." Id. at 15. Nunez also argued that his mother needed his assistance in running "their family carwash business and rentals." Id. at 14.

The district court held a sentencing hearing on April 11, 2017. The district court agreed with Nunez that there was insufficient evidence to allow it to find that the firearm that was seized from his residence was possessed in connection with the offense of conviction. Id. at 25. That determination reduced Nunez's total offense level to 31, and his advisory Guidelines sentencing range to 108 to 135 months. The district court rejected Nunez's motion for downward variance, declining to "find that the impact on [his] family [wa]s extraordinary." Id. Ultimately, the district court sentenced Nunez to a term of imprisonment of 108 months, to be followed by a five-year term of supervised release.

Final judgment in the case was entered on April 11, 2017. Nunez filed a pro se notice of appeal on June 22, 2017.

## II

The government argues in its appellate response brief, and Nunez concedes, that the notice of appeal was untimely. Federal Rule of Appellate Procedure 4(b)(1)(A) states:

> In a criminal case, a defendant's notice of appeal must be filed in
> the district court within 14 days after the latter of:
>> (i) the entry of either the judgment or the order being appealed; or
>> (ii) the filing of the government's notice of appeal.

3

Fed. R. App. P. 4(b)(1)(A). As noted, the judgment in Nunez's case was entered on April 11, 2017, and Nunez did not file his notice of appeal until June 22, 2017, well past the fourteen-day time period outlined in Rule 4(b)(1)(A).

Although Rule 4(b)(1)(A) is not jurisdictional, it is nevertheless an "inflexible claim-processing rule[]" that "must be enforced by this court when properly invoked by the government." United States v. Mitchell, 518 F.3d 740, 744 (10th Cir. 2008). The government in this case properly invoked Rule 4(b)(1)(A) by arguing its appellate response brief that Nunez's notice of appeal was untimely. See United States v. Garduño, 506 F.3d 1287, 1292 (10th Cir. 2007).

Nunez claims in his appellate reply brief that "the delayed filing was not his fault" because, due to "multiple transfers between different facilities after his sentencing, [he] did not have an opportunity to consult with his trial counsel about filing a Notice of Appeal." Aplt. Reply Br. at 1. He does not, however, provide any details about these transfers. Nor does he provide an affidavit from his trial counsel confirming these allegations or otherwise explaining why a timely notice of appeal was not filed. Consequently, we must enforce the provisions of Rule 4(b)(1)(A) as invoked by the government.

The appeal is DISMISSED as untimely.

                                        Entered for the Court


                                        Mary Beck Briscoe
                                        Circuit Judge


4