**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**August 9, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

DEANDRE LARON WASHINGTON,

    Defendant - Appellant.

No. 22-7006
(D.C. No. 6:09-CR-00036-RAW-2)
(E.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HOLMES**, **KELLY**, and **ROSSMAN**, Circuit Judges.[**]
_____

Deandre Laron Washington, a federal inmate appearing pro se, appeals from the district court's denial of his "Motion for Reconsideration of Court[']s Order denying Petitioner[']s Motion for Compassionate release upon an appropriate Showing of Cause." Exercising jurisdiction under 28 U.S.C. § 1291, we dismiss this appeal as untimely.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

In 2010, Mr. Washington was convicted of tampering with a witness in violation of 18 U.S.C. § 1512(a)(1)(A) and (2). He was sentenced to 360 months' imprisonment. In 2011, this court affirmed his conviction. United States v. Washington, 653 F.3d 1251, 1271 (10th Cir. 2011). On June 15, 2021, Mr. Washington filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). On October 7, 2021, the district court denied this motion, finding no extraordinary and compelling reasons to warrant compassionate release. Mr. Washington did not appeal that order.

On January 18, 2022, Mr. Washington filed a "Motion for Reconsideration of Court[']s Order denying Petitioner[']s Motion for Compassionate release upon an appropriate Showing of Cause." On January 20, 2022, the district court denied his motion as untimely, correctly recognizing that a motion for reconsideration must be filed within the time to file a notice of appeal, which is 14 days. United States v. Warren, 22 F.4th 917, 926 (10th Cir. 2022).

On February 13, 2022, Mr. Washington signed his notice of appeal from the district court's denial of his motion for reconsideration. The letter did not contain any certification under Federal Rule of Appellate Procedure 4(c)(1). The envelope is stamped with a postage date of February 15, 2022, and the notice of appeal was filed in the district court on February 22, 2022.

Federal Rule of Appellate Procedure 4(b)(1)(A)(i) states that in a criminal case "a defendant's notice of appeal must be filed in the district court within 14 days after the later of the entry of either the judgment or the order being appealed." When the

government properly raises a violation of Rule 4(b)(1)(A), this court is required to dismiss the appeal. United States v. Garduno, 506 F.3d 1287, 1291–92 (10th Cir. 2007). The notice of appeal is untimely, as the last day to file a notice of appeal was February 3, 2022. The government properly raised this issue in its response brief. See Aplee. Br. at 11–13. Moreover, Mr. Washington did not seek an extension to file his notice of appeal under Federal Rule of Appellate Procedure 4(b)(4). The "prison mailbox rule" set out in Federal Rule of Appellate Procedure 4(c)(1) also does not justify his untimeliness, as the signature date and postage date are both after the 14-day deadline.

For the foregoing reasons, we DENY the motion to proceed IFP and DISMISS the appeal.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge