FILED
United States Court of Appeals
Tenth Circuit

January 12, 2023

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

　　Plaintiff - Appellee,

v.

DEVIN PARIS LOFTON,

　　Defendant - Appellant.

No. 22-4105
(D.C. No. 4:21-CR-00023-DN-1)
(D. Utah)

_____

### ORDER AND JUDGMENT[*]

_____

Before **PHILLIPS**, **MURPHY**, and **EID**, Circuit Judges.

_____

After examining the briefs and appellate record, this court has determined unanimously that oral argument would not materially assist the determination of this appeal. _See_ Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G).  Accordingly, we order the case submitted without oral argument.

Devin Paris Lofton filed an 18 U.S.C. § 3582(c)(1)(A) motion for compassionate release.  The district court entered final judgment denying the motion on October 3, 2022.  Pursuant to Fed. R. App. P. 4(b), Lofton's notice of appeal was due fourteen days later, on October 17, 2022.  _See United States v._

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

*McCalister*, 601 F.3d 1086, 1087 (10th Cir. 2010) (holding that a § 3582(c) motion is a criminal proceeding). Lofton did not, however, file his notice of appeal until October 31, 2022, a full fourteen days after the Rule 4(b) deadline. Although Lofton's notice of appeal included a handwritten date of October 17, 2022, this notation is not enough to satisfy the timeliness requirement. Pursuant to the prison mailbox rule, a notice of appeal given to prison officials for mailing by the filing deadline is deemed timely only if (1) it is accompanied by a declaration or notarized statement stating the date of deposit or (2) evidence like a postmark that the notice was timely deposited. Fed. R. App. P. 4(c)(1). Lofton's notice of appeal did not contain the required declaration and it was postmarked October 26, 2022, well past the deadline.

The time limit set out in Rule 4(b)(1)(A) is an "inflexible claim-processing rule" that must be enforced if raised by a party. *United States v. Garduno*, 506 F.3d 1287, 1291 (10th Cir. 2007). Because the United States objects to the timeliness of Lofton's notice of appeal, and because that notice is untimely, dismissal is "mandatory." *Id.* at 1290.

Exercising jurisdiction pursuant to 28 U.S.C. § 1291, this court **dismisses** Lofton's appeal for failure to file a timely notice of appeal. This court's mandate

shall issue forthwith.

Entered for the Court


Michael R. Murphy
Circuit Judge