FILED
United States Court of Appeals
Tenth Circuit

July 16, 2024

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

EDGAR V. DURAN,

    Defendant - Appellant.

No. 22-2152
(D.C. No. 2:20-CR-01820-KG-1)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MORITZ**, **ROSSMAN**, and **FEDERICO**, Circuit Judges.
_____

Edgar V. Duran appeals the district court's denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

I

Mr. Duran pleaded guilty to conspiring to transport non-citizens, 8 U.S.C. § 1324(a)(1)(A)(v)(I), high-speed flight from an immigration checkpoint, 18 U.S.C.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

§ 758, and being a felon in possession of a firearm and ammunition, *id.* § 922(g)(1).

On January 5, 2021, the district court sentenced him to concurrent terms of sixty-six months in prison on each count, followed by three years of supervised release.[1]

A year later, Mr. Duran filed a *pro se* motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i).  The district court appointed counsel.  Mr. Duran then withdrew his *pro se* motion and moved, through counsel, for immediate release and a sentence reduction to time-served.

In support, Mr. Duran invoked the Sentencing Commission's policy statement that lists incapacitation of a caregiver of a defendant's minor child as an extraordinary and compelling reason for relief.  *See* U.S.S.G. § 1B1.13(b)(3)(A) (listing "[t]he death or incapacitation of the caregiver of the defendant's minor child" as an extraordinary and compelling reason that may warrant a sentence reduction).  After Mr. Duran was arrested in June 2020, his mother served as the primary caregiver for his two minor children (seven and ten years old).  Mr. Duran's mother had various health conditions that prevented her from driving and independently standing and walking, but she was able to care for the children, particularly given

---

[1] During the pendency of this appeal, the district court reduced Mr. Duran's sentence to fifty-seven months in prison under 18 U.S.C. § 3582(c)(2), Amendment 821.  Section 3582(c)(2) allows a court to reduce a sentence for a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."  The parties have not apprised this court of that sentence reduction, and it has no apparent impact on this appeal.  Mr. Duran's projected release date is not until August 31, 2024, so this appeal is not moot.  In the order under review, the district court denied Mr. Duran's request for immediate release and a sentence reduction to time served; neither of those events has occurred.

Covid-related restrictions that limited the family's activities outside the home. But now, Mr. Duran explained, the children needed transportation to school and other activities—assistance Mr. Duran's mother could not provide due to her physical limitations. Mr. Duran also acknowledged his brother, Eduardo lived at home and cared for their mother, but he worked full time and could not assume the duties of caregiver for the children.  Mr. Duran then contended the sentencing factors under 18 U.S.C. § 3553(a) supported compassionate release.  The government opposed the motion.

The district court denied compassionate release.  The district court acknowledged the health issues faced by Mr. Duran's mother and the challenging circumstances that created for the family.  But Mr. Duran failed to show extraordinary and compelling reasons for compassionate release under § 3582(c)(1)(A), the district court reasoned, because the record showed "the children are adequately cared for by a combination of [Mr. Duran's] mother and brother— difficult as it may be."  Suppl. R., Vol. IV at 5.  Even assuming Mr. Duran could make the requisite showing, the district court concluded that compassionate release was not warranted under the § 3553 factors.  According to the district court, "the seriousness of the offense and [Mr.] Duran's criminal history" suggested that "early release after less than half of his term of imprisonment would undermine the fairness and purpose of the original sentence."  *Id.* at 6.  And although "the Court [was] pleased to know of Mr. Duran's good behavior," it observed "the evidence . . . shows

3

that he has not yet completed his GED course, and so continued incarceration

supports the goal of rehabilitation." *Id.*

This appeal followed.[2]

## II

"We review a district court's order denying relief on a § 3582(c)(1)(A) motion

for abuse of discretion." *United States v. Hemmelgarn*, 15 F.4th 1027, 1031

(10th Cir. 2021). "A district court abuses its discretion when it relies on an incorrect

conclusion of law or a clearly erroneous finding of fact." *Id.* (internal quotation

marks omitted).

"Federal courts are forbidden, as a general matter, to modify a term of

imprisonment once it has been imposed, but the rule of finality is subject to a few

narrow exceptions." *United States v. Bradley*, 97 F.4th 1214, 1217 (10th Cir. 2024)

(internal quotation marks omitted). "One such exception is contained in 18 U.S.C.

§ 3582(c)(1)." *Id.* (brackets and internal quotation marks omitted).

> Under § 3582(c)(1)(A), a court may reduce a term of imprisonment if,
> after considering the factors set forth in section 3553(a) to the extent
> that they are applicable, it finds that extraordinary and compelling
> reasons warrant such a reduction and that such a reduction is consistent
> with applicable policy statements issued by the Sentencing Commission.

---

[2] The government initially moved to dismiss this appeal on timeliness grounds, but it subsequently withdrew its motion and affirmatively waived any challenge to the timeliness of the appeal. Aplee. Br. at 1 n.1. We need not consider the issue further. *See United States v. Garduno*, 506 F.3d 1287, 1290-91 (10th Cir. 2007) (holding that the time to appeal under Fed. R. App. P. 4(b)(1)(A) is not jurisdictional because Rule 4(b)(1)(A) is an "inflexible claim-processing rule[]" that is subject to waiver and forfeiture (internal quotation marks omitted)).

*Id.* (ellipses and internal quotation marks omitted).  We have adopted a "three-step test" allowing a sentence reduction only if:  (1) the district court finds that extraordinary and compelling reasons warrant a reduction; (2) a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and (3) the court considers the applicable sentencing factors under § 3553(a).  *United States v. Maumau*, 993 F.3d 821, 831 (10th Cir. 2021).  "[D]istrict courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others."  *United States v. McGee*, 992 F.3d 1035, 1043 (10th Cir. 2021) (internal quotation marks omitted).

The district court determined that Mr. Duran established neither extraordinary and compelling circumstances nor that the § 3553(a) factors supported early release.  We affirm the district court's conclusion that Mr. Duran failed to establish extraordinary and compelling reasons for compassionate release under § 3582(c)(1)(A), so we need not address the § 3553(a) factors.  *See United States v. Hald*, 8 F.4th 932, 942-43 (10th Cir. 2021) (recognizing motions for compassionate release may be denied "for failure to satisfy [any] one of the steps," and there is "no benefit in requiring [courts] to make the useless gesture of determining whether one of the other steps is satisfied").

On appeal, Mr. Duran principally challenges the district court's finding that his mother and brother adequately care for the children.  "A finding of fact is clearly erroneous if it is without factual support in the record or if, after reviewing all of the evidence, we are left with the definite and firm conviction that a mistake has been

5

made." *Hamric v. Wilderness Expeditions, Inc.*, 6 F.4th 1108, 1119 (10th Cir. 2021) (internal quotation marks omitted). That standard is not satisfied here.

To the extent Mr. Duran suggests the "new circumstances" are his mother's deteriorating medical condition, Aplt. Br. at 14, there is no evidence her condition has changed since she assumed care of the children upon his incarceration. As Mr. Duran acknowledges, and the record confirms, his mother was injured in a car accident in 2018, before he was arrested in 2020. *See* Aplt. Br. at 13-14. And he acknowledges that, since his arrest, and despite his mother's physical limitations and challenges, she has been the children's primary caregiver for several years—and for a time was appointed as their temporary kinship guardian. *See id.* at 13-14. Mr. Duran points out that his mother was recently hospitalized with a kidney disorder. *See id.* at 15-16. But as the government correctly observes, *see* Aplee. Br. at 18, no evidence suggests the kidney disorder adversely affects her ability to care for the children.

We are sympathetic to the challenges faced by Mr. Duran's family. As the district court recognized, "[i]t is an unfortunate and harsh truth that criminality and incarceration place strains on families, in particular children and their caregivers." Suppl. R., Vol. IV at 5. While the needs of Mr. Duran's children may have evolved since his arrest, we discern no clear error in the district court's conclusion Mr. Duran's mother and brother adequately care for the children. Under these circumstances, the district court did not abuse its discretion in concluding Mr. Duran failed to demonstrate his mother's "incapacitation" under U.S.S.G. § 1B1.13, and thus was not entitled to compassionate release on this record under § 3582(c)(1)(A).

6

III

The district court's judgment is affirmed.  The court grants Gregory W. Stevens' motion to withdraw as counsel.  The Clerk is directed to file a redacted version of the district court's sealed Memorandum Opinion and Order as Volume IV of the supplemental record on appeal.

Entered for the Court


Veronica S. Rossman
Circuit Judge